| | | | |
|---|---|---|---|
| AUSA: | Mark Bilkovic | Telephone: | (313) 226-9623 |
| Special Agent: | Jeremy Fitch, DEA | Telephone: | (313) 215-0570 |

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.
Allen Lavert Young

Case No.
Case: 2:21-mj-30424
Judge: Unassigned,
Filed: 09-02-2021 At 09:23 PM
USA v. ALLEN LAVERT YOUNG (CMP) (MLW)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October and November 2019__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi) | Possession with intent to distribute a controlled substance. |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_Complainant's signature_

Jeremy Fitch, Special Agent, DEA
_Printed name and title_

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: September 2, 2021

_Judge's signature_

City and state: Detroit, MI

Hon. Anthony P. Patti, United States Magistrate Judge
_Printed name and title_

## AFFIDAVIT

I, Jeremy Fitch being duly sworn, hereby depose and state the following:

### Agent Background

1. I am employed as a Special Agent with the Drug Enforcement Administration (DEA). I have been a Special Agent with the DEA since 2010. I am currently assigned to the DEA Strike Force, a multi-agency task force, and have been assigned to this unit for approximately 2 years. I have received specialized training on the subject of illegal drug trafficking and money laundering at the DEA Academy located in Quantico, Virginia.

2. During my employment with the DEA, I have participated in numerous investigations related to illegal drug trafficking as well as methods used to finance drug transactions and launder drug proceeds and, among other things, have conducted or participated in surveillance operations, debriefings of informants, and reviews of taped conversations between narcotic traffickers.

3. I have also been involved in numerous executions of Federal search warrants which resulted in the seizure of controlled substances, cutting materials, packaging equipment and materials, drug paraphernalia, weighing instruments, narcotic tabulations, and documentary evidence relating to drug trafficking activities. I have also utilized numerous confidential informants and have also been involved in controlled deliveries of controlled substances.

4. Based on the facts contained in this affidavit, there is probable cause to believe that Allen YOUNG did knowingly and intentionally possess with the intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi), specifically 40 grams or more of a mixture or substance containing a detectable amount of fentanyl.

## Probable Cause

5. In October and November of 2019, the DEA utilized a Confidential Source (CS) to acquire purported heroin from YOUNG on multiple occasions including three controlled purchases in the greater Detroit metropolitan area, which were monitored by DEA. The transactions were also video and audio recorded by the CS using a recording device supplied to the CS by the DEA.

6. Chemical analysis was performed by the DEA North Central Laboratory on the purported heroin that was obtained during each of the controlled purchases. The chemical analysis indicates that the purported heroin from the three controlled purchases had a total weight of approximately 44.5 grams, and each sample of the purported heroin obtained during the controlled purchases tested positive for the presence of fentanyl.

7. On December 10, 2019, DEA agents/officers conducted a search warrant at YOUNG's residence located at 12350 Wilshire Drive, Detroit, Michigan. While executing the search warrant, DEA agents/officers encountered

YOUNG inside the residence at the front door. YOUNG stated that he was the only occupant of the residence.

8. During a search of the living room, agents located a clear plastic baggie and a small paper wrapped bundle containing a small amount of suspected heroin. The baggie and paper wrapped bundle were located inside of a wall mounted light fixture. The chemical analysis indicates that the suspected heroin tested positive for the presence of fentanyl.

9. During a search of the living room, agents located a second clear plastic baggie containing a small amount of suspected heroin inside of another wall mounted light fixture. Chemical analysis was performed on the suspected heroin by the DEA North Central Laboratory. The chemical analysis indicates that the suspected heroin tested positive for the presence of fentanyl.

10. Based on the above facts, there is probable cause to believe that Allen YOUNG did knowingly and intentionally possess with the intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi), specifically 40 grams or more of a mixture or substance containing a detectable amount of fentanyl.

I declare under penalty of perjury the foregoing to be true and correct to the best of my knowledge and belief.

Respectfully submitted,

SA Jeremy Fitch
Drug Enforcement Administration

Sworn to before me and signed in my presence and/or by reliable electronic means.

Hon. Anthony P. Patti
United States Magistrate Judge

Date: September 2, 2021